IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| GEDA USA HOLDINGS, INC., § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> HERBERT CALLES and § <br> ELEVATOR WORX & § <br> INDUSTRIAL EQUIPMENT, § <br> L.L.C. § <br> § <br> Defendants. § | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff GEDA USA Holdings, Inc. ("GEDA Holdings") files this *Original Complaint* against Defendants Herbert Calles ("Calles") and Elevator Worx & Industrial Equipment, L.L.C. ("Elevator Worx"), and, in support, shows this Court the following:

### I.   INTRODUCTION

1.   Defendants have engaged in a pattern of self-dealing at the expense of GEDA Holdings, implementing and executing on a plan to squeeze a non-managing member of a third-party entity by improperly spending funds and otherwise benefiting themselves at the expense of GEDA Holdings as the non-managing 50% member of GEDA USA Elevator and Material Lift Company, LLC ("GEDA USA" or the "Company"). As a result, Plaintiff files this lawsuit to put a stop to Defendants'

1

pilfering of corporate funds, mismanagement, and breaches of contractual and legal obligations owed to GEDA Holdings.

## II. PARTIES

2. GEDA USA Holdings, Inc. is a corporation, organized and existing under the laws of the state of Delaware, with its principal place of business in Delaware.

3. Herbert Calles is an individual residing in Galveston County, Texas. He may be served at his last known address, 2819 Everett Drive, Friendswood, Texas 77546.

4. Elevator Worx & Industrial Equipment, L.L.C. is a limited liability company, organized and existing under the laws of the state of Texas, and, on information and belief, with a principal place of business in Friendswood, Galveston County, Texas. On information and belief, Herbert Calles is the sole member of Elevator Worx.

## III. JURISDICTION & VENUE

5. This Court has jurisdiction pursuant to 31 U.S.C. § 1332(a) because, as alleged herein, there is complete diversity of citizenship between the parties and the amount or value of the controversy exceeds $75,000.00.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this lawsuit occurred in this judicial district and because each of the Defendants resides in this judicial district.

## IV. BACKGROUND

7. GEDA USA is a limited liability company with two 50% members: (1) Defendant Elevator Worx and (2) Plaintiff GEDA Holdings. On information and belief, Calles is the sole member of Elevator Worx. Calles is also the manager of Elevator Worx. GEDA Holdings is an indirectly owned subsidiary of GEDA GmbH.

8. GEDA USA is a distributor in North America of industrial elevator products manufactured by GEDA GmbH, one of the worldwide leaders in the vertical access industry.

9. GEDA GmbH is an industrial elevator Original Equipment Manufacturer (OEM), manufacturing industrial and construction elevators and material lifts and hoists. It provides industrial elevator and construction machinery to the petrochemical, power generation, mining, and commercial construction industries, and its product range includes three major areas: temporary installations, permanent installations, and special products service. GEDA GmbH lift solutions are used world-wide.

*Formation of the Company*

10. In or around 2000, well before Calles' involvement with GEDA USA, Calles met certain board members and officers of GEDA GmbH, including Johann Sailer. Over the next twenty years, Calles developed a relationship of trust and confidence with Sailer, as well as other officers of GEDA GmbH.

11. As part of its expansion and growth across the globe, GEDA GmbH sought to expand its product offerings into the United States. Ultimately, when

GEDA GmbH decided to expand into the North American market, Sailer and others on behalf of GEDA GmbH and GEDA Holdings decided to work with Calles in establishing and building the North American GEDA distributor of GEDA GmbH products.

12. Calles[1] and GEDA Holdings[2] (through Sailer as a board member) formed GEDA USA to serve as an exclusive distributor of GEDA GmbH in certain portions of North America.  Based on their pre-established relationship of trust and confidence, Calles was entrusted to manage the affairs of GEDA USA as a manager of the Company.

13. As such, since 2008, Calles has served as a manager of GEDA USA.  In his role as Manager, Calles effectively exercised control over and had intimate knowledge of the business affairs of GEDA USA.  Indeed, Calles exercised almost complete control over the day-to-day operations of GEDA USA.

14. Calles further served as the manager (and on information and belief, sole member) of Elevator Worx, the other 50% member of GEDA USA.

15. Due to his oversight and involvement, Calles also controlled the information that was conveyed to GEDA Holdings (and to Sailer as a board member), including the financial information and reports.

---

[1] Calles later transferred his membership interest into Elevator Worx, a single member Texas limited liability company.
[2] GEDA Holdings acquired its membership interest in GEDA USA by an assignment from an affiliate entity in or around 2009.

16. However, GEDA Holdings ultimately discovered that during Calles' time as manager of GEDA USA, the financial health of GEDA USA has steadily declined.

17. As a result, in November 2020, the majority shareholder and director of GEDA Holdings (one of GEDA USA's 50% members) conducted a review of the Company's financial statements, monthly reports, and other documents, including retaining a third-party accounting firm to perform a review of the financial records of GEDA USA.

18. Calles, however, refused to cooperate fully with the third-party accountant's review. He refused or otherwise failed to provide requested documentation or otherwise cooperate with the efforts and has otherwise challenged their efforts. Calles did so in an effort to conceal information and/or mislead GEDA Holdings as to the financial condition of GEDA USA; as to transactions benefitting Calles, Elevator Worx, and/or friends or family members of Calles; and/or as to the mismanagement of GEDA USA.

19. Nevertheless, GEDA Holdings uncovered a number of instances of financial mismanagement and self-dealing at the hands of the Calles and/or Elevator Worx. Based on the information available to date, Calles and Elevator Worx, individually or collectively, engaged in a pattern to overtly and covertly benefit themselves at the expense of GEDA Holdings. The investigation of the full extent of Calles' and/or Elevator Worx's acts and omissions is on-going, and GEDA Holdings

reserves the right to supplement its pleading as permitted by the Federal Rules of Civil Procedure.

20. As a result of the acts described herein, GEDA Holdings asserts claims against Calles and Elevator Worx for breaches of their fiduciary duties arising from gross and reckless mismanagement and self-dealing and the resulting harm to GEDA Holdings. Elevator Worx, owned and controlled by Calles, knowingly participated in each of the acts committed by Calles as alleged herein.

*Financial Mismanagement and Self-Dealing*

21. In its review of the finances of GEDA USA, GEDA Holdings discovered that Calles was taking a significant portion of money as "employee advances" from GEDA USA.

22. As Manager of GEDA USA, Calles was entitled to an annual salary, plus commission and annual bonus payments. Despite the significant amount of compensation to which he was entitled, Calles evidently wanted—and took—more money from GEDA USA.

23. As of December 31, 2020, Calles had accumulated "employee advances" of at least $232,139.64. On information and belief, Calles used these funds for personal expenses. In addition to advances, Calles would also have GEDA USA reimburse or directly pay for his personal expenses.

24. For example, Calles used a credit card issued to GEDA USA to charge personal expenses. As of December 2020, Calles, individually, has accumulated significant debt on the corporate credit card—most of which relate to charges for

Calles' personal expenses. Under his management, Calles has also permitted others (along with Calles' personal charges) to accumulate debt on the corporate credit card in an amount exceeding $110,000. Calles has refused to provide GEDA Holdings with full and complete information on the outstanding balance, in furtherance of his pattern to conceal his wrongdoing. These credit card charges have resulted in additional unnecessary expenditures by the Company in covering the monthly interest charges on the outstanding card balance. As of November 2020, the monthly interest charges on the balance owed exceeded $2,800.

25. Calles also purchased a vehicle—with Company funds—for his personal use. To date, Calles has refused, or otherwise failed, to pay the advances back in full or otherwise reimburse the Company for his personal expenses.

26. Additionally, tax documents submitted to the IRS raise further questions regarding Calles' management of the Company, the financial status of the Company, and the implications and potential liabilities of GEDA Holdings, as well as GEDA USA. Again, Calles has refused or otherwise failed to provide adequate financial information or other information explaining the information contained in these tax documents.

27. Calles further caused GEDA USA to unnecessarily expend resources for a terminated apartment lease. Calles owned a townhouse, which he leased to GEDA USA for employee use. Calles subsequently sold the townhouse, but continued to charge GEDA USA rent. On information and belief, Calles simply pocketed the rent

money that he received from GEDA USA—even though GEDA USA received no benefit in exchange.

***Distribution of Corporate Funds to Third Parties***

28. In addition to advances to Calles, GEDA USA, under Calles' management, also made significant advances to other employees in an amount of approximately $21,700 as of December 31, 2020. However, GEDA Holdings has not located any written agreement for the employees to repay the Company, and to date, those employees have not paid the amounts back in full. In other words, Calles caused GEDA USA to advance funds to third-parties without proper documentation to ensure repayment.

29. Additionally, GEDA Holdings discovered that Calles caused GEDA USA to make additional payments to Calles' family and friends. When first confronted by GEDA Holdings about these payments, Calles attempted to conceal information and/or convey inaccurate information on the identity of the third-party and the purpose of the payments to the third-party. Nevertheless, GEDA Holdings has been able to uncover certain information about these payments.

30. For example, Calles caused GEDA USA to make payments to Calles' girlfriend, Cherie Gibeault. Consistent with his pattern of concealing information, Calles caused these payments to Gibeault without properly documenting them in the books of GEDA USA. GEDA Holdings became aware of the payments, not from Calles, but through a third party. Indeed, Calles caused monthly reports issued to GEDA Holdings to omit the payments made to Gibeault. When confronted with

questions from GEDA Holdings regarding these payments to Gibeault, Calles responded that Gibeault was doing some work for GEDA USA. However, these payments were not set forth in GEDA USA's books as compensation for "services" or "work" performed by Gibeault, and GEDA Holdings has not been able to confirm whether or not such services were actually provided. On information and belief, GEDA Holdings estimates that from 2017 to present, Calles caused GEDA USA to pay Gibeault at least $120,000.

31. Calles also caused GEDA USA to "hire" Calles' son, Alex Calles, to work for GEDA USA. Like with Gibeault, Calles attempted to conceal from GEDA Holdings the "hiring" and payments to his son.

*Waste of Corporate Assets*

32. GEDA Holdings has also discovered that, at the end of 2019, GEDA USA wrote off almost $1.5 million of inventory that it purchased from GEDA GmbH—but had not paid for. GEDA USA did not *sell* the inventory—or at least there is no receivable or cash injection reflecting a sale. Rather, the inventory seemingly disappeared from the Company books.

*Failure to Satisfy Third-Party Obligations*

33. GEDA Holdings has also determined that beginning in 2017 and through the present, the Company stopped routinely paying outstanding obligations under a distribution agreement with GEDA GmbH.

34. The following is a summary of the Company's liabilities as they have been incurred and continuously increasing since 2017:

4812-8972-7968, v. 2

| Change in Liabilities | 2017 | 2018 | 2019 | Dez 20 |
|---|---|---|---|---|
| Current Liabilities Germany | $ 4.563.896,63 | $ 7.621.185,00 | $ 8.111.428,00 | $ 10.271.788,08 |
| Long Term Liabilities Germany | $ 1.299.199,71 | $ 729.722,00 | $ 3.772.052,00 | $ 2.612.226,16 |
| **Total Liabilities Germany** | **$ 5.863.096,34** | **$ 8.350.907,00** | **$ 11.883.480,00** | **$ 12.884.014,24** |

As of this filing, the Company's total liabilities to GEDA GmbH exceed $12 million. As of this filing, at least $10.2 million is immediately due and owing.

35.     To date, the Company has refused, or otherwise failed to pay, the outstanding balance due and owing to GEDA GmbH.

*Breach of the Company Agreement*

36.     The Amended and Restated Company Agreement of GEDA USA Elevator and Material Lift Company, LLC, dated as of August 1, 2011, as amended by the amendment dated effective January 1, 2012 (the "Company Agreement"), governs the rights and obligations of its members and manager.

37.     Under the Company Agreement, each member of GEDA USA was obligated to contribute and commit an amount of $200,000 in capital. The Company Agreement further prohibits the return of any part of the capital contribution to any member.

38.     Nevertheless, without authority under the Company Agreement or any written agreement of the members, as of December 31, 2020, Calles, on behalf of Elevator Worx, caused the reduction of Elevator Worx's member capital contribution to GEDA USA by $32,142 for payment of personal expenses, in direct violation of the Company Agreement.

## V.   CLAIMS

### A. *Breach of Fiduciary Duty* (Plaintiff against Herbert Calles and Elevator Worx) (Count 1)

39.   Plaintiff incorporates by reference all of the foregoing as if fully set forth herein.

40.   Elevator Worx, as a Member of GEDA USA, and Calles, as a Manager of GEDA USA and sole member of Elevator Worx, each owes formal and/or informal fiduciary duties to the GEDA Holdings, as a member of GEDA USA, including, but not limited to, duties of care, loyalty, utmost trust, and good faith and fair dealing. By virtue of their fiduciary relationships, Elevator Worx and Calles owed GEDA Holdings the highest obligation of good faith and loyalty and due care in the administration of the affairs of the Company.

41.   In his role as Manager of the Company, Calles caused, participated in, and/or acquiesced to the acts of gross mismanagement alleged herein, or acted in reckless disregard to the facts known, and failed to exercise due care in managing the assets of GEDA USA.  In its role as Member of the Company, Elevator Worx caused, participated in, and/or acquiesced to the acts of gross mismanagement alleged herein, or acted in reckless disregard to the facts known, and failed to exercise due care in managing the assets of GEDA USA.

42.   Further, Elevator Worx and/or Calles breached their fiduciary duties to GEDA Holdings by depleting assets of GEDA USA without good and valuable consideration, diverting funds for the benefit of himself and his friends and family, subjecting GEDA USA to potential third-party liability, spending funds on personal

11

expenditures, conducting *ultra vires* acts, and implementing a plan to benefit himself at the expense of GEDA Holdings. These actions were done solely for the benefit of Calles and Elevator Worx and to the detriment of GEDA Holdings.

43. GEDA Holdings has been injured by the breaches of the fiduciary duties described herein, and such breaches are the cause of damages to GEDA Holdings. Specifically, the breaches of fiduciary duty injured GEDA Holdings in several ways, including, but not limited to, diminishing the value of its membership interest by, *inter alia*, depleting the Company of valuable inventory without consideration; subjecting the Company to potential third-party liability; and using cash and assets of the Company for his own personal benefit and to the detriment of GEDA Holdings.

44. GEDA Holdings is therefore entitled to recover its actual and consequential damages caused by breaches of the fiduciary duties owed. The above-described breaches of fiduciary duty have resulted in benefits to Calles and Elevator Worx, including unjust enrichment.

45. In addition to damages, GEDA Holdings seeks equitable remedies, including constructive trust and disgorgement of profits and fees or compensation. GEDA Holdings is also entitled to exemplary damages based on the grossly negligent and fraudulent conduct of Calles and Elevator Worx.

**B. *Breach of Contract* (Plaintiff against Elevator Worx) (Count 2)**

46. Plaintiff incorporates by reference all of the foregoing as if fully set forth herein.

47. The Company Agreement constitutes a valid, enforceable contract between GEDA Holdings and Elevator Worx. GEDA Holdings fully performed its obligations, or was excused from performance. All conditions precedent have been performed by GEDA Holdings or are excused.

48. In addition to the acts alleged above, Elevator Worx breached the Company Agreement by, *inter alia*, utilizing capital contributions for personal expenses of Elevator Worx's member and manager, Calles.

49. GEDA Holdings has been injured by Elevator Worx's breach of the Company Agreement, and such breaches are the cause of actual and consequential damages to GEDA Holdings. Therefore, GEDA Holdings is entitled to recover its damages caused by Elevator Worx's breaches of the Distribution Agreement.

50. Additionally, GEDA Holdings is entitled to recover its reasonable attorney's fees and costs.

C. *Vicarious Liability & Conspiracy* **(Plaintiff against Calles and Elevator Worx) (Count 3)**

51. Plaintiff incorporates by reference all of the foregoing as if fully set forth herein.

52. Defendants, together and in combination of one another, conspired to breach their fiduciary duties and other legal obligations owed to Plaintiff. Defendants further participated, assisted, encouraged, aided, abetted, and acted in concert with each other in breaching each other's fiduciary duties.

53. Defendants knowingly participated and engaged in a civil conspiracy to breach the fiduciary duties owed to GEDA Holdings. Defendants had a meeting of

13

the minds on an object or course of action, engaged in one or more unlawful and overt acts, and Plaintiff was harmed as a result.

54. The conspiracy included using Defendants in perpetuating the wrongful conduct. The Defendants accomplished their conspiracy by knowingly using and participating in the use assets of GEDA USA for their personal gain and to the detriment of GEDA Holdings. Each of the Defendants was a direct, necessary, and substantial participant in the conspiracy. All of the allegations set forth in this Complaint are re-alleged and incorporated by reference in support of Plaintiff's civil conspiracy claim.

55. Each of the Defendants aided and abetted and rendered substantial assistance in the wrongs complained of in this pleading. In taking such actions to substantially assist in the commission of the wrongful conduct, each Defendant acted with knowledge of the primary wrongdoing, substantially assisted in the accomplishment of that wrong-doing, and was aware of his or its overall contribution to and the furtherance of the wrongdoing.

56. Each Defendant is liable for all of the wrongful conduct alleged herein under all causes of action pled because of their participation in the wrongful conduct. Accordingly, Defendants are jointly and severally liable for the damages caused to Plaintiff. The actions of the Defendants have caused Plaintiff to suffer damages, and Plaintiff is entitled to recover actual damages, as well as exemplary damages.

**D.** *Veil Piercing / Alter Ego* **(Plaintiff against Calles and Elevator Worx) (Count 4)**

57. Upon information and belief, Elevator Worx is a mere business conduit of Calles, and Calles should be held personally liable for the wrongful actions of Elevator Worx one or more of the following theories:

   a. Upon information and belief, Calles has used Elevator Worx as a sham to perpetrate a fraud.

   b. Upon information and belief, Elevator Worx was organized and operated as a mere tool or business conduit of Calles.  Calles is believed to own and/or control Elevator Worx sufficiently that the separateness of Elevator Worx as a separate entity has ceased, and holding only Elevator Worx liable for Plaintiff's damages would result in severe injustice to Plaintiff.

   c. Upon information and belief, Elevator Worx was used in such a way to attempt to insulate Calles from liability for the obligations arising from the torts and breach of the agreements, as described herein.

58. On information and belief, Calles used Elevator Worx for the purpose of perpetrating an actual fraud on Plaintiff for Calles' direct benefit.

59. All of the allegations set forth in this Complaint are re-alleged and incorporated by reference in support of Plaintiff's veil piercing/alter ego claim.

### VI.   ATTORNEYS' FEES, INTEREST, AND COSTS

60. As a result of Defendants' unlawful actions as set forth herein, Plaintiff will be required to spend attorneys' fees and costs in order to vindicate its rights and

in connection with this matter. Plaintiff hereby seek to recover all reasonable and necessary attorneys' fees, expenses, and costs of court from Defendants pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code.

61. In the event of an appeal from the judgment in this case, Plaintiff is also entitled recover attorneys' fees in those pursuits.

62. Finally, Plaintiff seeks interest at the highest allowable, legal rate pursuant to applicable law.

## VII. CONDITIONS PRECEDENT

63. All conditions precedent to Plaintiff's right to recover from Defendants have occurred, have been performed, or have otherwise been waived.

## VIII. JURY DEMAND

64. Plaintiff hereby demands a jury trial on all triable issues.

## IX. PRAYER

WHEREFORE, Plaintiff respectfully prays that it may have judgment against Defendants as stated herein, for the following:

a. Actual damages in an amount to be proven at trial;
b. Consequential damages;
c. Constructive trust and disgorgement of profits, fees, and/or compensation received by Defendants;
d. Exemplary damages in an amount determined at trial;
e. Reasonable and necessary attorneys' fees and expenses in trial and all appellate courts;
f. Costs of suit;
g. Costs of collection of judgment;
h. Pre-judgment and post-judgment interest at the highest level or contractual rate allowed by law; and
i. Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: March 15, 2021.                    Respectfully Submitted,


By: */s/ Hunter M. Barrow*
    HUNTER M. BARROW
    Attorney-in-Charge
    State Bar No. 24025240
    Federal Bar No. 25828
    hbarrow@andrewsmyers.com
    Andrews Myers, P.C.
    1885 Saint James Place, 15th Floor
    Houston, Texas 77056
    (713) 850-4200 – Telephone
    (713) 850-4211 – Facsimile

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

EMILY W. MILLER
State Bar No. 24079527
Federal ID No.: 1366940
emiller@andrewsmyers.com
MANUEL P. SCHOENHUBER
State Bar No. 24107994
Federal ID No.: 3290997
mschoenhuber@andrewsmyers.com
Andrews Myers, P.C.
1885 Saint James Place, 15th Floor
Houston, Texas 77056
(713) 850-4200 – Telephone
(713) 850-4211 – Facsimile

4812-8972-7968, v. 2